SULLIVAN, Judge.
General Services Corporation, Inc. (GSCI) and its general liability insurer, Republic Western Insurance Company (RWIC), appeal a judgment rendered against them in favor of Joshua Dugan for damages he suffered when his thumb was caught in a lathe during the course and *762 scope of his employment with GSCI. Joshua also appeals the judgment. For the reasons that follow, we reverse the judgment of the trial court and dismiss Joshua’s claims against GSCI and RWIC.

Facts

Joshua was hired by GSCI when he was fifteen years old to rake leaves, cut grass, and do other menial tasks. On February 25, 1998, Joshua was at GSCI to rake leaves, but the leaves were wet and he went looking for another task to perform. He usually took instructions from Curley Guillory; however, Mr. Guillory had not arrived at work and Joshua was instructed by his mother, who also worked at GSCI, to check with Tim Hebert in the shop for other work to do.
Joshua was told by Mr. Hebert that he could help clean pipe. To clean pipe, a piece of pipe is connected to a lathe and sandpaper is applied to the pipe as it rotates on the lathe to remove dirt, rust, and other matter. Mr. Hebert instructed Joshua to hold a piece of sandpaper stretched between his hands and apply it to the pipe as it rotated on the lathe. Joshua testified that he wrapped the sandpaper around his thumb for a better grip. As the lathe was turning, the sandpaper around his thumb got caught in the lathe. He pulled his hand back to release his thumb and the skin was pulled from his thumb.
Joshua’s father, Jeffery Dugan, filed suit against GSCI and RWIC alleging that Joshua’s injuries were caused by the “fault, neglect and strict liability of the defendants.” Additionally, he alleged that Mr. Hebert’s conduct in allowing him to | gpperate “an inherently dangerous piece of machinery” amounted to an intentional tort. In its answer, GSCI asserted that the Workers’ Compensation Act was Joshua’s exclusive remedy against it.
During the course of the litigation, GSCI and RWIC filed a motion for summary judgment on the basis that workers’ compensation was Joshua’s exclusive remedy against GSCI. After a hearing, the trial court denied the motion. Writ applications to this court and -the supreme court were denied. See Dugan v. General Serv. Co., Inc., an unpublished writ bearing docket number W99-1493 (La.App. 3 Cir. 10/6/99) and Dugan v. General Serv. Co., Inc., 99-2881 (La.10/8/99); 748 So.2d 457, respectively.
The case was tried before a jury beginning Monday, May 22, 2000, through May 25, 2000. At the close of Joshua’s case, GSCI and RWIC moved for a directed verdict, asserting that workers’ compensation was Joshua’s exclusive remedy against GSCI. The trial court denied the motion. GSCI also moved for directed verdict on the issue of intentional tort for lack of evidence. ' The motion was granted. At the conclusion of the trial, the jury rendered its verdict, answering “Yes” to the following questions:
1. Do you find that General Services Company did employ, permit, or suffer, Joshua Dugan, a minor person, under the age of sixteen years, to work (1) on power-driven machinery; (2) or in a manufacturing, mechanical or processing occupation or (3) in a manufacturing, or processing establishment in violation of the child labor laws[?]
2. Do you find that the conduct of General Services Company in violation of the child labor laws to be the cause-in-fact of plaintiffs damages?
3. Do you find that Joshua Dugan was guilty of substandard conduct which caused his own damage?
[^Additionally, the jury found Joshua fifty percent at fault in causing his damages *763 and awarded Mm damages totaling $58,000.00.
GSCI and RWIC assign numerous errors on appeal, most of wMch address their contention that workers’ compensation is Joshua’s exclusive remedy. Joshua assigns three errors in his appeal.

Standard of Review

Appellate review of a question of law is simply a decision as to whether the trial court’s decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699. If the trial court’s decision was based on its erroneous application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). When an appellate court finds that a reversible error of law was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993).
Pavich v. St. Landry Parish Police Jury, 00-587, p. 8 (La.App. 3 Cir. 2/28/01); 780 So.2d 608, 613.

Exclusivity of the Workers’ Compensation Act

Prior to discussing the merits of the issues presented herein, we note that this court’s prior denial of supervisory jurisdiction with regard to the trial court’s denial of GSCI’s and RWIC’s motion for summary judgment does not preclude review of the issues addressed therein on appeal. “A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from final judgment.” Goodwin v. Goodwin, 607 So.2d 8, 10 (La.App. 2 Cir.1992).
UThe exclusivity of the remedies provided by the Workers’ Compensation Act (the Act) and the effect of the Child Labor Law, La.R.S. 23:161, et seq., thereon are at issue herein. The Child Labor Law prohibits the employment of minors in certain industries or where they would be subject to certain conditions or use certain types of equipment. La.R.S. 23:161, et seq. La. R.S. 23:163 provides, in part, that “no minor under the age of sixteen years shall be employed, permitted, or suffered to work ... [i]n, or about, or in connection with power-driven machinery.”
The situation presented by this case, i.e., a minor hired to perform duties that are not prohibited by the Child Labor Law was injured while performing duties that are prohibited by the law, was addressed by the supreme court in Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). In Mott, the minor argued that “the worker’s compensation act (La. R.S. 23:1021 et seq.) does not apply where an employee is injured when caused or permitted to perform a task in contravention of a statute.” Id. at 829. He alleged that the defendants were liable to him in tort because he sustained his injuries while he was “performing a task prohibited by the Child Labor Law and thus outside the coverage of the Worker’s Compensation Act.” Id. at 830. The defendants filed an exception of no cause of action which was granted by the trial court. The supreme court upheld the trial court’s decision, finding “no merit to plaintiffs argument that he [was] not covered by the worker’s compensation act because his injuries occurred while he was performing a task prohibited, for a minor his age by the Child Labor Law.” Id. at 832.
*764 In reaching its decision, the supreme court detailed the history of the Act, noting that revisions in 1948, included “minors who were below the minimum age prescribed by law for employment in certain trades” within the Act. Id. at 831. The |Rcourt further noted that major revisions to the Act in 1975 “reaffirmed” the Legislature’s “intent to include all minors within the coverage of the act.” Id.
Joshua argues that, pursuant to this court’s decision in Ewert v. Georgia Casualty & Surety Co., 548 So.2d 358 (La.App. 3 Cir.1989), writ denied, 551 So.2d 1339 (La.1989), his contract of employment with GSCI was a relative nullity. He claims that he has the exclusive right to ignore the contract and to elect his remedy against GSCI, workers’ compensation or tort. We do not agree. Ewert held that illegal employment contracts with minors were relative nullities; it did not hold that all employment contracts with minors are relative nullities.
Ewert distinguished between the legal and illegal employment of a minor, stating:
The Child Labor Law in this state makes it illegal for a minor to be employed, permitted, or suffered to work in logging operations. La.R.S. 23:161(9). Ewert was illegally hired in this case, for he was hired to work in logging operations, specifically enumerated as an illegal employment by the statute. Whether there is a distinction between a case where a minor is hired in violation of law, as here, or where he is legally hired but required to perform a task in violation of law, is the first question we have to answer regarding the issue of tort immunity.
Id. at 360 (emphasis added).
Prior to making this distinction, the court discussed the application of Mott to the case before it, explaining that the minor in Mott was “legally hired” by the defendant, but was injured while performing work prohibited by the Child Labor Law. Id. (emphasis added). The court proceeded to distinguish Mott, stating “[t]he supreme court stopped short of holding that its views would apply where the hiring itself is in violation of law.” Id. Quoting a footnote in Mott, the court identified the issue before it as “[w]hether there was a distinction between the case where the minor is hired in violation of law or where, as here, he is legally hired but required to perform a task in violation of law.” Id. The court had “no difficulty” finding a distinction between the “illegal employment — a logging operation” presented by Ewert’s employment from situations “where the minor is employed in a legal operation, but is required — perhaps innocently — to perform a task in violation of law.” Id. at 361.
The court further distinguished the situation addressed by Mott from the situation with which it was faced, stating:
“Although the majority in Mott held to the view that workers’ compensation is exclusive where there is legal employment, its careful avoidance of the question posed by illegal employment encourages us to believe that the supreme court is prepared to examine the wisdom of a policy decision giving the minor a choice in such a situation.”
Id. (emphasis added). The court then determined “that the purely illegal contract [was] relatively null” and the minor had the exclusive right to enforce or ignore it. Id. Concluding that the trial court properly allowed the plaintiff to proceed in tort, the court in Ewert then stated:
This is a case where the workers’ compensation policy of employer tort immunity clashes head-on with the policy underlying the Child Labor Law. If one must give way to the other, we believe *765 the Child Labor Law should prevail. Such a result would conform to the principle stated in the above code articles. It would avoid the anomaly of rewarding an employer for illegally employing a minor incapable of contracting. It would give meaning to the legislative prohibition against certain types of employment of minors, while at the same time continuing the protection of exclusivity to employers in those legal employment situations where the minor is merely assigned a prohibited task. Such a ride would not be a burden to employers.
Id. at 362 (emphasis added).
The decision in Ewert does not apply to the facts of this case and it did not affect the supreme court’s holding in Mott. We have reviewed the evidence 17in'troduced and proffered by GSCI and RWIC on the issue of Joshua’s employment with GSCI and conclude that he was “legally hired” by GSCI, but he was injured while performing a task prohibited by the Child Labor Law. Accordingly, his exclusive remedy against GSCI for his injuries is workers’ compensation.

Decree

The judgment of the trial court is reversed and Joshua Dugan’s claims against GSCI and RWIC are dismissed with prejudice. All costs of this appeal are assessed to Joshua Dugan.
REVERSED AND RENDERED.