NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-279

CONSTANCE S. WILLIAMS AND ABRAM ZENON

VERSUS

NASSER ABOUSAMAK, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20151100
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

AFFIRMED.

W. Brett Cain
Staff Counsel for Safeway Insurance Company
P. O. Box 92807
Lafayette, LA 70509
(877) 323-8040
COUNSEL FOR DEFENDANT-APPELLANT:
    Safeway Insurance Company of Louisiana

**Sera H. Russell, III**
**Attorney at Law**
**P. O. Box 53866**
**Lafayette, LA 70505-3866**
**(337) 769-3260**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Constance S. Williams**
    **Abram Zenon**

**PICKETT, Judge.**

Safeway Insurance Company of Louisiana appeals a judgment of the trial court finding that the policy of automobile insurance it issued to Alexis Mouton for a vehicle owned by her covers the damages occasioned by the negligence of Nasser Abousamak while driving that vehicle.

## FACTS

On March 22, 2014, Mr. Abousamak was driving a vehicle owned by Ms. Mouton when he struck a vehicle driven by Constance Williams. Safeway had issued a policy of insurance on Ms. Mouton's vehicle. Ms. Williams and her passenger, Abram Zenon, filed suit against Mr. Abousamak, Ms. Mouton, Safeway, and Allstate Insurance Company, Ms. Williams's uninsured/underinsured motorist insurance carrier. At the trial, neither Ms. Mouton nor Mr. Abousamak testified. Ms. Williams and Mr. Zenon testified, as well as the adjuster for Safeway, Lisa Benoit Thibodeaux. Following a trial, the trial court found Mr. Abousamak one hundred percent at fault. The trial court further found that Mr. Abousamak was a permissive driver of Ms. Mouton's vehicle, and thus covered under the Safeway policy issued to Ms. Mouton. The trial court awarded damages to Ms. Williams and Mr. Zenon for their injuries for the policy limits of $15,000.00 each.

Safeway appeals the judgment of the trial court.

## ASSIGNMENT OF ERROR

Safeway asserts one assignment of error:

The trial court committed legal error in placing the burden of proof upon defendant, Safeway Insurance Company of Louisiana, for proving the defendant driver, Mr. Nasser Abousamak, was not a permissive user of the vehicle. It is the plaintiff's burden of proof to show that the defendant driver was a permissive user of the vehicle.

## DISCUSSION

This court set out the standard of appellate review for questions of law and questions of fact in *Harruff v. King*, 13-940, pp. 4-5 (La.App. 3 Cir. 5/14/14), 139 So.3d 1062, 1066:

> "Appellate review of a question of law is simply a decision as to whether the trial court's decision is legally correct or incorrect." *Dugan v. Gen. Servs. Co.*, 01-511, p. 3 (La.App. 3 Cir. 10/31/01), 799 So.2d 760, 763, *writ denied*, 01-3327 (La.3/15/02), 811 So.2d 942. When a "trial court's decision was based on its erroneous application of law ... its decision is not entitled to deference by the reviewing court." *Id.* When an appellate court finds a reversible error of law, the appellate court "must redetermine the facts de novo from the entire record and render a judgment on the merits." *Id.*

> Findings of fact are reviewed under the manifest error rule. *Cormier v. Comeaux*, 98-2378 (La.7/7/99), 748 So.2d 1123. When the review of factual findings of the trial court are at issue, the following two-part analysis applies in order to reverse the fact finder's determinations: (1) a reasonable factual basis must not exist in the record for the finding of the trial court and (2) the record must establish that the finding is manifestly erroneous or clearly wrong. *Id.* Great deference is given to the trial court's determination of the credibility of witnesses, except where "documents or other objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable finder of fact would not credit the witness's story." *Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989).

A motor vehicle liability policy is defined at La.R.S. 32:900. Section (B)(2) states that such a policy issued in this state:

> Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle[.]

The policy of insurance issued by Safeway indicates that the following persons are insured with respect to the owned automobile:

(1) the named insured,

2

(2) any other person using such automobile to whom the named insured has given the expressed or implied permission, provided the use is within the scope of such permission[.]

Safeway contends the trial court applied the incorrect law in determining which party bears the burden of proving that a driver not named in a policy of automobile insurance had permission to operate the vehicle so that the insurance policy would provide coverage for the negligence of that driver. In *Manzella v. Doe*, 94-2854, p. 6 (La. 12/8/95), 664 So.2d 398, 402, the supreme court explained that the plaintiff seeking to recover from an insurance company under the provisions of the omnibus clause of an automobile liability policy has the burden of proving that the driver was operating the vehicle with the consent of the named insured:

> The plaintiff has the burden of proving the fact of initial use with express or implied permission of the insured to make coverage effective under the omnibus clause. *Francois v. Ybarzabal*, 483 So.2d 602, 605 (La.1986); *Perkins v. McDow*, 615 So.2d 312 (La.1993). Moreover, the fact of initial permission must be proved by a preponderance of the evidence without the aid of any presumptions. *Norton*, 623 So.2d at 876. Generally, implied permission "arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle." *Francois*, 483 So.2d at 605.

In its oral reasons for ruling immediately following the close of evidence, the trial court stated:

> Okay. I find nothing to suggest to me that this was not permissive use, not the boyfriend/girlfriend, which, in my mind, would be more akin to give non-permissive use. If they lived in the same household, that would give rise to the fact they either should be listed on the policy or they would be excluded. They weren't living in the same household. I see nothing to suggest that the car was stolen by way of a police report or anything else. I believe the onus is on Safeway to show non-permissive use based on the fact that the police – the police report indicated those things that were said by the plaintiffs here. I deny Safeway's argument that it's non-permissive. The court finds permissive use.

3

Clearly, the trial court applied the wrong law. Thus, we must review the evidence submitted at trial to determine if the plaintiffs met their burden of proving that Mr. Abousamak had express or implied permission to use Ms. Mouton's vehicle at the time of the accident.

Ms. Williams testified that she was driving her own vehicle in the far-left lane when Mr. Abousamak, driving Ms. Mouton's vehicle, attempted to make a left turn from the middle lane at a caution light. The front driver's side of the vehicle driven by Mr. Abousamak hit the passenger side of Ms. Williams's vehicle. Mr. Abousamak told Ms. Williams that he was driving Ms. Mouton's car. Mr. Abousamak gave no indication to Ms. Williams that he did not have permission to drive Ms. Mouton's vehicle. While Mr. Abousamak was on his cell phone with Ms. Mouton, he gave the phone to Ms. Williams. Ms. Mouton indicated to Ms. Williams at that time that Mr. Abousamak was driving her car. Ms. Mouton later spoke with the police officer who wrote the accident report. Ms. Williams inferred that Ms. Mouton had given the information about the Safeway policy to the officer because it appeared on the accident report. Ms. Mouton never indicated to Ms. Williams that Mr. Abousamak had stolen the vehicle or that she was angry that he was driving the car. Ms. Williams testified that there were two female passengers with Mr. Abousamak in the vehicle, and neither indicated that they had been kidnapped.

On cross-examination, Ms. Williams testified that the person she talked to on the phone identified herself as Ms. Mouton, but she did not know for sure who was on the other end of the line. She testified that she did not know Ms. Mouton personally and could not identify her. She only knew that the person she spoke to on Mr. Abousamak's phone that day identified herself as Ms. Mouton.

4

Mr. Zenon testified that on the day of the accident, Ms. Williams told him that she talked to the girlfriend of the driver of the vehicle that struck them. On cross-examination, Mr. Zenon testified he had no idea who the driver's girlfriend was, and that he had never met Mr. Abousamak. He admitted that it could have been anyone on the phone, but "the dude said it was his girlfriend, so I took his word."

Ms. Thibodeaux testified that Safeway denied the claims made by Ms. Williams and Mr. Zenon because, after an investigation, she determined that Mr. Abousamak did not have permission to drive the covered vehicle owned by Ms. Mouton. When counsel for Safeway tried to elicit the information she received that led her to that conclusion, Ms. Thibodeaux indicated she had a conversation with Ms. Mouton. Counsel for the plaintiffs objected to Ms. Thibodeaux testifying about the content of the conversation she had with Ms. Mouton. The trial court sustained the objection. Ms. Thibodeaux testified that Mr. Abousamak was not a named driver on the Safeway policy or an excluded driver on the Safeway policy. Mr. Abousamak's address was not the same as Ms. Mouton's address, and he had no ownership interest in the vehicle he was driving. Ms. Thibodeaux also testified that her investigation did not reveal that Mr. Abousamak was Ms. Mouton's boyfriend. On cross-examination, Ms. Thibodeaux testified that she did not know the whereabouts of either Ms. Mouton or Mr. Abousamak at the time of trial. She also testified that she had no admissible evidence that explained why Safeway denied the claim.

We find that the evidence presented by the plaintiffs is sufficient to conclude, more probably than not, that Mr. Abousamak had permission to drive the vehicle owned by Ms. Mouton at the time of the accident which caused their injuries. Mr. Abousamak voluntarily allowed Ms. Williams to speak on his phone

5

with Ms. Mouton. Ms. Mouton did not in any way indicate that Mr. Abousamak did not have permission to drive the vehicle. The accident report filed by police, completed after the police officer on the scene spoke with Ms. Mouton, did not indicate Mr. Abousamak did not have permission to drive the insured vehicle. Other than a mere suggestion, there is no evidence that the person to whom Ms. Williams spoke was anyone other than the owner of the vehicle, Ms. Mouton.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against Safeway Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.