# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-595

**NOLES-FRYE REALTY (NAI LATTER & BLUM)**

**VERSUS**

**HOLLY DIXON, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 254,605
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**REVERSED IN PART AND
AFFIRMED IN PART.**

**William M. Ford**
**Susa Ford Fiser**
**The Ford Law Firm**
**1630 Metro Drive**
**Alexandria, LA 71301**
**Telephone: (318) 442-8899**
**COUNSEL FOR:**
    **Defendants/Appellees – Holly Dixon, Sandra Damico, Diane Ratner, and Jayne Robinson**

**Charles David Elliott**
**Charles Elliott & Associates**
**720 Murray Street**
**Alexandria, LA 71301**
**Telephone: (318) 704-6511**
**COUNSEL FOR:**
    **Defendants/Appellees – Holly Dixon, Sandra Damico, Diane Ratner, and Jayne Robinson**

**Christie C. Wood**
**Wilson & Wilson**
**P. O. Box 1346**
**Jena, LA 71342**
**Telephone:  (318) 992-2104**
**COUNSEL FOR:**
  **Defendants/Appellants – Andrea Talbot and Adrian Talbot**

**Michael S. Ricci**
**Jonathan L. Schultis**
**Brian G. Lebon, Jr.**
**James A. Gonczi**
**101 W. Robert E. Lee Boulevard – Suite 400**
**New Orleans, LA 70124**
**Telephone:  (504) 304-7115**
**COUNSEL FOR:**
  **Plaintiff/Appellee – Noles-Frye Realty (NAI LATTER & BLUM)**

**THIBODEAUX, Chief Judge.**

This case arises from a failed real estate transaction between Andrea Soltau-Talbot (hereinafter "the Buyer")[1], and Holly Dixon, Sandra Damico, Diane Ratner, and Jayne[2] Robinson (hereinafter "the Sellers"). Following the failed transaction, Noles-Frye Realty (hereinafter "the Realty Company") instituted a concursus proceeding so that the Sellers and the purported Buyer could claim ownership to the underlying deposit of $30,000.00. The trial court ruled in favor of the Sellers after observing that the Buyer failed to produce corroborating documentary or testimonial evidence to support a finding that she was unable to secure financing for the transaction. Thus, the Sellers were awarded the deposit. The Buyer appealed and this court reversed the trial court's judgment, finding that the trial court was manifestly erroneous in its conclusion. Subsequently, this court ordered the Rapides Parish Clerk of Court to pay the Buyer the full sum of the deposit along with accumulated interest.

After the matter was remanded, the Clerk of Court refused to refund the total sum of the deposit held in registry. The Buyer then filed a Motion to Release Funds in the Registry of the Court and to Tax Costs and Fees. The Sellers responded to the Buyers request by filing an Answer and Affirmative Defense, Declinatory Exception of Lack of Jurisdiction over Subject Matter, Peremptory

---

[1]Although not a signatory to the purchase agreement, the concursus proceeding also listed Dr. Adrian Talbot, Mrs. Soltau-Talbot's husband, as a defendant. Although Dr. Talbot is an appellant here, we reference Mrs. Soltau-Talbot as the buyer.

[2]We recognize the name of Defendant Appellee JAYNE ROBINSON has been spelt a number of ways throughout the record, (appearing as "JAN" in the trial court's judgment, "JAYN" in this court's previous opinion, and "JAYNE" on Defendant Appellee's brief) however we now apply the "JAYNE" spelling of Defendant Appellee's name for clarity.

Exceptions of Res Judicata and No Cause of Action and Motion to Dismiss. The Realty Company responded by filing an Opposition asking the court to dismiss the Buyer's Motion. The trial court determined that Res Judicata was applicable; that the previous judgment was final and that the issue had been litigated. Thereafter, a judgment was rendered ordering a refund to the Buyer of only a portion of the deposit and denying the Buyer's claim for attorneys fees and costs. The Buyer now asserts that the trial court erred when it refused to refund the deposit and refused to award attorneys fees and cost. For the following reasons, we reverse in part and affirm in part, rendering judgment in favor of the Buyer.

## I.

## ISSUES

We must decide:

(1) whether the trial court erred in failing to return the full deposit amount of $30,000.00 to the Buyer; and

(2) whether the trial court erred in failing to tax costs and attorneys fees against the non-prevailing parties in this concursus proceeding.

## II.

## FACTS AND PROCEDURAL HISTORY

In December 2015, the Realty Company filed a Petition for Concursus instituting this matter. The parties to the underlying transaction, a September 2015 Louisiana Residential Agreement to Buy or Sell ("the Agreement"), were named as defendants in the proceeding. By the Agreement, the Buyer sought to purchase residential property in Alexandria offered for sale by the Sellers and placed a

deposit in the amount of $30,000.00 with the Realty Company. Although the closing date was extended twice, the sale was not completed.

At the trial of the concursus proceeding, both the Buyer and the Sellers claimed entitlement to the $30,000.00 deposit provided by the Buyer pursuant to the Agreement. The evidence established that the Buyer made an offer which was contingent upon ability to obtain financing. The court determined, however, that the Buyer failed to prove that she made a good faith effort to obtain financing. Thus, the trial court ruled in favor of the Sellers and ordered that Rapides Parish Clerk of Court tender the subject deposit to them. The Buyers then appealed the judgment and this court reversed and issued the following ruling:

> For the foregoing reasons, the judgment of the trial court is reversed. Judgment is recast and rendered as follows:
>
> > IT IS ORDERED, ADJUDGED AND DECREED that there be a Judgment in favor of ANDREA TALBOT and ADRIAN TALBOT, M.D. and against HOLLY DIXON, SANDRA DAMICO, DIANE RATNER, and JAYN ROBINSON, and further the Rapides Parish Clerk of Court is ordered to pay unto ANDREA TALBOT and ADRIAN TALBOT the sum of $30,000.00 on deposit in the Registry of the Ninth Judicial District Court, Parish of Rapides, along with all of the accumulated interest.
>
> All costs of this proceeding are assessed to the appellees, Holly Dixon, Sandra Damico, Diane Ratner, and Jayn Robinson.

*Noles-Frye Realty (Nai Latter & Blum) v. Dixon*, 17-965 (La.App. 3 Cir. 5/9/18), 246 So.3d 603, 609-10.

Contrary to the clear language of the decree, the Rapides Parish Clerk of Court failed to return the full deposit amount of $30,000.00 to the Buyer.

3

Consequently, the Buyer filed a Motion to Release the Funds Held in Registry of the Court and to Tax Cost and Fees. After a hearing, the trial court granted the Sellers' Exception of Res Judicata and concluded that the previous judgment was final and that the issue had been litigated. Thereafter, a judgment was rendered ordering a refund of $25,510.05 to the Buyer, only a portion of the deposit and denying the Buyer's claim for attorneys fees and costs.

III.

## STANDARD OF REVIEW

"Appellate review of a question of law is simply a decision as to whether the trial court's decision is legally correct or incorrect." *Harruff v. King*, 13-940 (La.App. 3 Cir. 5/14/14), 139 So.3d 1062, 1066, *writ denied*, 14-1685 (La. 11/7/14), 152 So.3d 176 (quoting *Dugan v. Gen. Servs. Co.*, 01-511, p. 3 (La.App. 3 Cir. 10/31/01), 799 So.2d 760, 763, *writ denied*, 01-3327 (La. 3/15/02), 811 So.2d 942). When a "trial court's decision is based on its erroneous application of law… its decision is not entitled to deference by the reviewing court." *Id.* When an appellate court finds reversible error of law, the appellate court "must redetermine the facts de novo from the entire record and render a judgment on the merits. *Id.*

IV.

## LAW AND DISCUSSION

The Buyer contends that the trial court's failure to refund the entire deposit amount is an abuse of discretion. We agree. The Rapides Parish Clerk of Court erred under Louisiana Code of Civil Procedure Article 4659, which addresses the costs of concursus proceedings. Article 4659 states in pertinent part:

4

> The court may award the successful claimant judgment for the costs of the proceeding which have been deducted from the money on deposit, or any portion thereof, against any other claimant who contested his right thereto, as in its judgment may be considered equitable. In all other instances, the court may render judgment for costs as it considers equitable.

This court rendered judgment in favor of the Buyer for the return of the $30,000.00 deposit without deducting costs of the proceedings. In contrast, the trial court returned only $25,510.05 of the $30,000.00 deposit to the Buyer. Therefore, this court again orders a return of the full deposit amount of $30,000.00 to the Buyer.

Furthermore, this court specifically stated, "*All costs of this proceeding* are assessed to the appellees, Holly Dixon, Sandra Damico, Diane Ratner, and Jayn Robinson." *Noles-Frye Realty (Nai Latter & Blum) v. Dixon*, 17-965 (La.App. 3 Cir. 5/9/18), 246 So.3d 603, 609-10 (emphasis added). Hence, this court included all aspects of this proceeding, enveloping both the costs of the appeal and the costs at the trial level. This interpretation is also buttressed by the second sentence of Article 4659 cited above. There is no doubt that the Buyer is the successful claimant in this proceeding. As such, we are using our discretionary authority to grant what Article 4659 allows. This court finds that taxing costs to the Sellers is equitably appropriate. The successful party should not be punished for pursuing what was rightfully theirs particularly in light of this court's previous opinion and judgment.

However, the Buyer's assertion that the Realty Company should be taxed with costs is negated by Louisiana Code of Civil Procedure Article 4658. Article 4658 states, "[A]fter the deposit of money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so

deposited." Here, the Realty Company deposited the $30,000.00 into the registry of court initiating a concursus proceeding. Therefore, under Article 4658 it is unequivocally clear that the Realty Company faces no liability in this proceeding and should not be taxed with costs.

We must now address the issue of the Buyer's entitlement to attorneys fees. Here, we find that the Buyer is correct in her assertion that she faced unnecessary harm due to the Clerk of Court's failure to return the full deposit amount of $30,000.00. However, we do not find that the Buyer is entitled to attorneys fees. Instead, we find that the Buyer failed to raise the issue of attorneys fees prior to the matter being adjudicated. At oral argument, counsel for the Buyer asserted that there was an agreement between the Buyer and the Sellers concerning the bifurcation of issues. Nevertheless, a review of the record does not reveal any evidence alluding to the agreement nor any discussion over the bifurcation.

The only evidence of attorneys fees in the record appears in the Buyer's Answer to Petition for Concursus and Cross-Claim and in the Motion to Amend Pleadings to Conform to Evidence and Recognize Counter-Claim Against Plaintiff. Throughout the course of this proceeding, attorneys fees were never mentioned again. At trial and on appeal the parties solely litigated over whom should be entitled to the deposit. Therefore, the issue of attorneys fees was never litigated nor adjudicated. Consequently, we cannot grant the Buyer's request for attorneys fees.

V.

## <u>CONCLUSION</u>

For the foregoing reasons, we find that the Buyer is entitled to full refund of the $30,000.00 deposit along with accumulated interest. Additionally, costs are assessed to the Sellers, and the Buyer's request for attorneys fees are denied.

**REVERSED IN PART AND AFFIRMED IN PART.**